**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PENROD LUMBER COMPANY,**

     **Plaintiff,**

-vs-                Case No. 5:09-cv-349-Oc-31GRJ

**GREAT SOUTHERN WOOD**
**PRESERVING, INCORPORATED and**
**GREAT SOUTHERN WOOD-BUSHNELL,**
**INC.,**

     **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Great Southern Wood Preserving, Incorporated and Great Southern Wood-Bushnell, Inc. ("Defendants"), Motion to Dismiss (Doc. 48), and Plaintiff's, Penrod Lumber Company, Inc. ("Plaintiff"), response in opposition thereto (Doc. 49).

**I. Overview**

Plaintiff filed this breach of contract claim on July 2, 2009 alleging, *inter alia*, that Defendants sold it fence posts that were not properly pressure-treated (*see generally* Doc. 46). After Plaintiff re-sold the allegedly defective fence posts to its end-customers in Ocala, Florida, the posts prematurely rotted (Doc. 46, ¶ 2). Count I of Plaintiff's Second Amended Complaint purports to state a claim for breach of contract under Florida's Uniform Commercial Code

("UCC") (Doc. 46, ¶¶ 19 - 28). Count II purports to state a common law claim for breach of contract (Doc. 46, ¶¶ 29 - 40). Count III purports to state a claim for breach of implied and express warranties (Doc. 46, ¶¶ 41 - 50). Finally, Count IV purports to state a claim for negligence (Doc. 46, ¶¶ 51 - 64).

Defendants have moved to dismiss Counts II and IV. Defendants contend that Count II must be dismissed because the UCC subsumes Plaintiff's common law claim for breach of contract. Defendants contend that Count IV must be dismissed pursuant to Florida's Economic Loss Rule.[1]

The Court addresses these contentions, *infra*.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a

---

[1] Defendants also contend that Plaintiff's demand for punitive damages, which relates only to Count IV, must be struck.

short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

    **A. Count II – Common Law Breach of Contract**

In Florida, a sale of goods is governed by the UCC. *See* FLA. STAT. § 672.102. There are no allegations in the Second Amended Complaint suggesting that contract at issue in this case involved anything other than the sale of fence posts. Furthermore, because the invoices attached to the Second Amended Complaint comprise the only written indicia of the parties' contract, the UCC's gap-filling provisions will necessarily determine the terms of the parties' contract. Therefore, a common law claim for breach of contract is not only subsumed by the UCC, but is duplicative of Count I. Accordingly, Count II will therefore be dismissed.

    **B. Count IV – Negligence**

As Defendants note, Florida's Economic Loss Rule precludes a party from recovering in tort where a product damages itself and does not cause personal injury. *See*, e.g., *Casa Clara*

*Condominium Assoc., Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244 (Fla. 1993). The rule applies to "damages for inadequate value, costs of repair and replacement of [a] defective product, or consequent loss of profits," as well as the "diminution in value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Id*. at 1246 (citations and quotations omitted). These are precisely the sort of allegations contained in the Second Amended Complaint. Accordingly, Count II will be dismissed pursuant to the Economic Loss Rule.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Great Southern Wood Preserving, Incorporated and Great Southern Wood-Bushnell, Inc.'s Motion to Dismiss (Doc. 48) is **GRANTED**. Counts II and IV are hereby **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 23, 2009.

Copies furnished to:

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Counsel of Record
Unrepresented Party