# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PENROD LUMBER COMPANY,**

          **Plaintiff,**

-vs-                                       **Case No.  5:09-cv-349-OC-31GRJ**

**GREAT SOUTHERN WOOD
PRESERVING, INC. and
GREAT SOUTHERN WOOD-BUSHNELL,
INC.,**

          **Defendants.**

_____

# ORDER

      This matter came before the Court without oral argument upon consideration of the Motion for Summary Judgment (the "Motion") (Doc. 52) filed by Defendants Great Southern Wood Preserving, Inc. and Great Southern Wood - Bushnell, Inc. (collectively, "Defendants").  Plaintiff, Penrod Lumber Company, Inc. ("Plaintiff"), failed to respond to the Motion and the time for doing so has passed.

## I.  Overview

      On November 2, 2009, Plaintiff filed its Second Amended Complaint in this breach of contract action alleging, *inter alia*, that Defendants sold it fence posts that were not properly pressure-treated.  (Doc. 46).  Two counts in the Second Amended Complaint remain pending before the Court:  the first asserts a claim for breach of contract under Florida's Uniform

Commercial Code ("UCC");[1] and the second asserts a claim for breach of implied and express warranties.[2]  (Doc. 46, ¶¶ 19 - 28 and 41 - 50).

On July 1, 2010, Defendants filed their instant Motion, seeking a judgment as a matter of law on each of the foregoing claims.  (Doc. 52).  Thereafter, Plaintiff moved for an extension of time to respond to Defendants' Motion, (Doc. 53), and the Court extended the deadline for Plaintiff's response to July 30, 2010.  (Doc. 54 at 2).  Subsequently, the Court entered its *Milburn* Order and further extended, *sua sponte*, the deadline for Plaintiff to respond to the Motion.  (Doc. 55 at 1, establishing a new deadline of August 6, 2010).  As of today, Defendants' Motion has remained pending for nearly two months and, notwithstanding its own request for an extension of time and the Court's *Milburn* Order, Plaintiff has failed to respond.[3]

For the reasons, *infra*, Defendants' Motion has merit and will be granted.

## II.  Jurisdiction

Plaintiff originally brought suit in Kentucky State Court against Defendant Great Southern Wood Preserving, Inc. only – Defendant Great Southern Wood - Bushnell, Inc. was not named as a party.  (Doc. 1-2 at 3).  The action was then removed to the United States District Court for the Eastern District of Kentucky, (Doc. 1), which, after noting probable subject matter jurisdiction pursuant to 28 U.S.C. § 1332, (Doc. 9 at 1), transferred the case to this Court.  (Doc. 9 at 2).

---

[1] *See* FLA. STAT. § 672.101 *et seq.*

[2] On December 23, 2009, the Court dismissed without prejudice Plaintiff's common law claims for breach of contract and negligence (which were the only other claims asserted in the Second Amended Complaint).  (Doc. 51).  Plaintiff failed to seek leave to re-assert those claims and the deadline for amending pleadings expired on November 1, 2009.  (Doc. 43 at 1).

[3] This is not the first time that Plaintiff has failed to timely respond to potentially dispositive or otherwise important motions in this case.  *See, e.g.,* Doc. 45 (granting in part Defendants' Motion to Dismiss as unopposed); Doc. 44 (granting Defendants' Motion to Strike Demand for Attorneys' Fees as unopposed).

Plaintiff is a Kentucky corporation with its principal place of business located in Kentucky. (Doc. 46, ¶ 13).[4]  Defendant Great Southern Wood Preserving, Inc. is an Alabama corporation with its principal place of business located in Alabama.  (Docs. 46, ¶ 14; 47, ¶ 14).[5]  Defendant Great Southern Wood - Bushnell, Inc. is a Florida[6] corporation with its principal place of business located in Alabama.  (Doc. 46, ¶ 15).[7]

On its face, the Second Amended Complaint asserts that the amount in controversy exceeds $75,000.  (Doc. 46, ¶ 16).

Based on the foregoing, no Defendant is a citizen of the same State as Plaintiff and the amount in controversy exceeds $75,000.  Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[4]*See also* Kentucky Secretary of State, Online Business Searches, Penrod Lumber Company, Inc., http://apps.sos.ky.gov/business/obdb/(S(dsxsr255tqeb2g45tqtbes55))/showentity.aspx?id=0255856&ct=09&cs=99999 (last visited August 21, 2010).

[5]*See also* Alabama Secretary of State, Government Records, Business Entities, Search, Great Southern Wood Preserving, Inc., http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=008356&page=name&file= (last visited August 21, 2010).

[6]Plaintiff did not name or otherwise join Defendant Great Southern Wood - Bushnell, Inc. as a party until well after the removal and subsequent transfer of this action to the Middle District of Florida.  (Doc. 27).  Accordingly, the presence of a forum defendant, which was served subsequent to the removal and transfer of this diversity action, has no bearing on the Court's subject matter jurisdiction.  *See, e.g., North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267-68 (M.D. Fla. 2009) (citing *Diaz v. Fountain Park Partners*, Case No. 6:08-cv-1009, 2008 WL 4716911, at *2 (M.D. Fla. Oct. 23, 2008) and noting that subsequent addition of a forum defendant, which does not have the effect of destroying complete diversity, does not deprive district court of subject matter jurisdiction under 28 U.S.C. § 1332); *see also Pullman Co. v. Jenkins*, 305 U.S. 534 (1939).

[7]*See also* Florida Department of State, Division of Corporations, Document Searches, Corporation . . . Inquire by Entity Name, Great Southern Wood - Bushnell, Inc., http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=L06802&inq_came_from=NAMFWD&cor_web_names_seq_number=0001&names_name_ind=N&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=GREATSOUTHERNWOODBUSHNELL&names_filing_type= (last visited August 21, 2010).

### III.  Standard of Review

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact.  FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994).  Which facts are material depends on the substantive law applicable to the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Emp't Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003).  In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted).  Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial.  *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352.  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

**IV.  Discussion**

In their Motion, Defendants argue, *inter alia*, that Plaintiff has failed to produce any evidence that Defendants breached the parties' contract or that Plaintiff suffered damages.[8]  (Doc. 52 at 4-8).  Having pointed out an absence of evidence on these dispositive issues, Defendants contend that they are entitled to a judgment as a matter of law on all of Plaintiff's remaining claims.

The Court agrees.  Plaintiff has had ample time to marshal its evidence in opposition to Defendants' Motion.  Notwithstanding its own request for an extension – which the Court granted and, on its own initiative, later enlarged – Plaintiff failed to respond to Defendants' Motion and has otherwise completely failed to make any showing that would establish a genuine issue of fact for trial.  Accordingly, Defendants' Motion will be granted.

**V.  Conclusion**

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1.  Defendants' Motion for Summary Judgment (Doc. 52) is **GRANTED**;

2.  The Clerk of the Court is directed to enter judgment in favor of Defendants, Great Southern Wood Preserving, Inc. and Great Southern Wood - Bushnell, Inc., and against Plaintiff, Penrod Lumber Company, Inc., on Counts I and III of the Second Amended Complaint and to thereafter close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 24, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
**UNITED STATES DISTRICT JUDGE**

---

[8]Indeed, Defendants represent that Plaintiff failed to formally respond to their request to produce and first set of interrogatories, which were served on March 1, 2010 and sought evidence of Defendants' putative breach and Plaintiff's damages.  (Doc. 52 at 6, n. 14 and 17).